912 F.2d 463
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John MILLHAM, to his own use and to the use of William
Ashburn, II, Plaintiff-Appellant,
v.
GLOBE AMERICAN CASUALTY COMPANY, Defendant-Appellee.
 No. 89-2846.
 United States Court of Appeals, Fourth Circuit.
 Argued June 6, 1990.
Decided Aug. 24, 1990.
Rehearing and Rehearing In Banc Denied Sept. 13, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Walter E. Black, Jr., District Judge. (CA-88-1311-B)
 Leonard A. Orman, Baltimore, Md., for appellants.
 Robert John Carson, Smith, Somerville & Case, Baltimore, Md. (argued), for appellee; Donald J. McCartney, David G. LaRoche, Smith, Somerville & Case, Baltimore, Maryland, on brief.
 D.Md.
 AFFIRMED.
 Before PHILLIPS, SPROUSE and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 John Millham appeals the grant of summary judgment in favor of Globe American Casualty Company on his claims of breach of contract and negligence. Millham contends that the district court erred in holding that his claim was barred by the Maryland statute of limitations. We affirm.
 
 I.
 
 2
 Millham was insured under an automobile insurance policy issued by Globe. On February 14, 1983, Millham was driving while allegedly intoxicated when he struck and severely injured William Ashburn. Subsequent investigation by Globe revealed that as a result of the accident Ashburn's left leg was amputated, he endured seven operations, and incurred medical bills exceeding $90,000. Globe also learned that Ashburn was possibly contributorily negligent.
 
 
 3
 The Globe policy contained the following provision:
 
 
 4
 2. .... If the investigation shows that the law holds you responsible, every reasonable effort will be made to reach full and final settlement of all claims within the policy's money limits.
 
 
 5
 3. If settlement cannot be reached and suit is filed (even if we believe the claim has no value), we will select and pay for an attorney to defend the suit under the terms and money limits of the policy. After the liability money limits have been completely paid and exhausted regardless of whether a lawsuit has been filed, we will not be obligated to defend any suit or pay any further attorney fees or other lawsuit expense or pay any other claim or judgment.
 
 
 6
 In 1983, Globe paid its policy limits of $20,000 to Ashburn. However, Globe did not secure a release and covenant not to sue, believing that Ashburn had agreed not to pursue judgment against Millham unless additional assets were discovered. Globe subsequently informed Millham that because it had paid the policy limits it was no longer obligated to defend him.
 
 
 7
 In 1984, Ashburn brought suit in state circuit court against Millham, Anne Arundel County, Maryland, the county police, and an individual county police officer.[1] On July 10, 1984, and several times thereafter, Globe denied requests by Millham's counsel to assume the defense of the suit brought by Ashburn. Millham's counsel proceeded with the defense and did not charge a fee. On the eve of trial, however, Millham's counsel withdrew and Millham remained unrepresented throughout the trial. On February 18, 1988, the jury returned a $17,500,000 verdict in favor of Ashburn.
 
 
 8
 Millham assigned his rights under the Globe policy to Ashburn and filed this suit against Globe alleging breach of contract and negligence. The district court granted summary judgment to Globe, finding that under Maryland law Millham's cause of action had accrued in July 1984 when Millham learned that Globe would not defend him in the suit brought by Ashburn. Because his present action was filed more than three years from the date it accrued, the district court held that it was barred by the statute of limitations.
 
 II.
 
 9
 The applicable Maryland statute of limitations provides:
 
 
 10
 A civil action at law shall be filed within three years from the date it accrues unless another provision of the Code provides a different period of time within which an action shall be commenced.
 
 
 11
 Md.Cts. & Jud.Proc.Code Ann. Sec. 5-101 (1989). To resolve this appeal we must determine when a cause of action for breach of an insurer's contractual duty to defend and obtain full and final settlement accrues.[2] The district court held that "the limitations period begins to run in refusal to defend cases when the insured discovers that his insurer will not provide a defense, not when final judgment is finally entered." Millham argues that the statute of limitations period did not begin to run when Globe refused to defend him because he had "suffered no damage at that time, incurred no expenses or attorney fees and was unable to determine what, if any damage, he would sustain." He maintains that the cause of action accrued when the jury verdict was returned on February 18, 1988, because only then did he sustain any damages sufficient to complete a cause of action against Globe for breach of contract.
 
 
 12
 In American Home Assurance Co. v. Osbourn, 47 Md.App. 73, 422 A.2d 8 (Md.Ct.Spec.App.1980), Osbourn was insured by American Home through a policy purchased from Hay Brothers, a brokerage firm. Third parties later brought suit against Osbourn and in 1974 American Home refused to defend on the basis of a policy exclusion. Osbourn retained private counsel and the case was ultimately settled in 1977. In 1978 Osbourn filed two suits: a declaratory judgment action against American Home seeking a determination that it breached its duty to defend and a suit against Hay Brothers for negligence and breach of warranty for not procuring complete insurance coverage. The trial court granted Hay Brothers' motion for summary judgment, ruling that the action was barred by the statute of limitations. The Maryland Court of Special Appeals affirmed, holding that:
 
 
 13
 In our view, the statute of limitations in this case began to run on September 11, 1974--the day Osbourn discovered that American Home would not defend. Osbourn knew then that he had to engage his own counsel.... We recognize that incurring the expense of counsel fees does not ordinarily constitute sufficient legal harm, in and of itself, to satisfy the "damage" requirement of the discovery rule. In the instant case, however, the cost of defending the ... suit was a direct result of Hay Brothers' alleged malpractice in failing to procure adequate insurance coverage, one benefit of which would have been complete legal representation of Osbourn.
 
 
 14
 Id. at 87, 422 A.2d at 16.
 
 
 15
 Millham argues that unlike Osbourn, he has spent no money on legal fees because his counsel represented him without compensation. This fact, however, is not significant for as the court in Osbourn held, the statute begins to run on the day an insured discovers the insurer will not defend; it is irrelevant when or if paid counsel is retained.
 
 
 16
 We find Osbourn controlling and agree with the district court that Millham's cause of action accrued in July 1984 when Globe informed him that it would not defend him in the suit brought by Ashburn. We are unpersuaded by Millham's argument that Osbourn has been superseded or otherwise abrogated by Pennwalt Corp. v. Nasios, 314 Md. 433, 550 A.2d 1155 (1988), a decision involving a quite different issue of when a medical products liability action accrues. Accordingly, we affirm the order of the district court granting Globe summary judgment.
 
 AFFIRMED
 
 
 [1]
 Ashburn's suit against the county, the county police, and the individual county police officer alleged that the officer failed to arrest Millham when the officer observed him slumped over the steering wheel of his truck at a convenience store prior to the accident. These defendants were subsequently dismissed on the basis of governmental immunity, leaving Millham as the sole defendant
 
 
 [2]
 Millham's motion to certify this question to the Maryland Court of Appeals was denied by this court prior to oral argument